ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
badams@mainorlawyers.com
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
bmainor@mainorlawyers.com
**MAINOR EGLET COTTLE**
400 S. Fourth Street, Ste. 600
Las Vegas, Nevada 89101
Ph.: (702) 450-5400
Fax: (702) 450-5451
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE HAVLICK, DOUGLAS FEE, and CHAD BOEHNE individually, on their own behalf and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTEX CONSTRUCTION COMPANY, INC., a Nevada Corporation, <br><br> Defendant. | ) CASE NO. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

Plaintiffs complain as follows:

1.  Plaintiffs, LAWRENCE HAVLICK (hereinafter "Havlick"), DOUGLAS FEE (hereinafter "Fee"), and CHAD BOEHN (hereinafter "Boehne"), on their own behalf and on behalf of those similarly situated (hereinafter "Plaintiffs"), were employees of Defendant, CENTEX CONSTRUCTION COMPANY, INC., a Nevada corporation (hereinafter "Defendant" or "Centex Homes") and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29

1. U.S.C. §216(b) (hereinafter the "FLSA").

2. Plaintiff Havlick, was a salary paid "Field Manager" and performed related activities for Defendant in Nevada. Plaintiff previously opted-in on April 21, 2009, to the case styled *Jason Odem v. Centex Homes*, in the Northern District of Texas, Case No. 3:08-CV-1196-L, from which he was dismissed without prejudice on or about February 4, 2010, and maintains that his statute of limitations was tolled as of the date of his prior consent to join in the *Odem v. Centex* case.

3. Plaintiff Fee, was a salary paid "Field Manager" and performed related activities for Defendant in Nevada. Plaintiff previously opted-in on June 20, 2008, to the case styled *Jason Odem v. Centex Homes*, in the Northern District of Texas, Case No. 3:08-CV-1196-L, from which he was dismissed without prejudice on or about February 4, 2010, and maintains that his statute of limitations was tolled as of the date of his prior consent to join in the *Odem v. Centex* case.

4. Plaintiff Boehne, was a salary paid "Field Manager" and performed related activities for Defendant in Nevada. Plaintiff previously opted-in on June 11, 2008, to the case styled *Jason Odem v. Centex Homes*, in the Northern District of Texas, Case No. 3:08-CV-1196-L, from which he was dismissed without prejudice on or about February 4, 2010, and maintains that his statute of limitations was tolled as of the date of his prior consent to join in the *Odem v. Centex* case.

5. Defendant Centex, is a Nevada corporation which has a principal place of business in Clark County, and that operates and conducts business in, (among others), Clark County and Washoe County, Nevada.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is

intended to include each and every salaries "Field Manage I," Field Manage II," and "Field Manager III," whose annual gross income from Defendant did not exceed $100,000.00 (or individual with identical job duties and responsibilities similarly titled) who worked for the Defendant or any of Defendant's subsidiaries who employed such employees within the State of Nevada at any time within the past three (3) years.

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA, and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C §203(r) and 203(s).

9. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs, and those similarly situated to them, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs, and those similarly situated to them for those hours worked in excess of forty (40) within a work week.

10. That Defendant misclassified Plaintiffs, and those similarly situated to them, as exempt from overtime under the FLSA when, in fact, the Plaintiffs, and those similarly situated to them, were performing non-exempt duties for the Defendant.

11. As a result of Defendant's misclassification regarding their non-exempt status, Plaintiffs, and those similarly situated to them were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more weeks.

12. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs and other similarly situated to them,

are in the possession and custody of Defendant.

13. Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but were not paid time and one-half compensation for same.

14. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs, and those similarly situated to them, have suffered damages in excess of Seventy-five Thousand ($75,000.00) Dollars and have incurred reasonable attorneys' fees and costs.

15. That as a result of Defendant's willful violation of the FLSA, Plaintiffs, and those similarly situated to them, are entitled to liquidate damages.

16. Plaintiffs' counsel are entitled to reasonable attorney's fees and costs, to the extent Plaintiffs prevail, pursuant to 29 U.S.C 216(b).

WHEREFORE, Plaintiffs, and all other similarly situated employees, pray judgment against Defendant as follows:.

1. For payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them;

2. Liquidated damages;

3. Reasonable attorneys' fees;

4. Cost incurred in this action; and

. . .

. . .

5. Any and all further relief that this Court determines to be just and proper.

DATED this 11th day of March, 2010.

                                MAINOR EGLET COTTLE

                                ROBERT M. ADAMS, ESQ.
                                Nevada Bar No. 6551
                                BRADLEY S. MAINOR, ESQ.
                                Nevada Bar No. 7434
                                400 South Fourth Street, Ste. 600
                                Las Vegas, NV 89101
                                Attorneys for Plaintiffs